**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE MICHAEL CASAWAY, | No. 08-35335 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05191-RJB |
| v. | |
| KENNETH QUINN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted July 16, 2010
Seattle, Washington

Before: GRABER and PAEZ, Circuit Judges, and BURNS, District Judge.[**]

Bruce Michael Casaway appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for habeas corpus relief. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

§ 2253.  We review de novo the district court's denial of the petition, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we affirm.

Contrary to Casaway's assertions, the state courts did not look to the facts underlying his prior out-of-state convictions in concluding that those convictions qualified as strikes under the state's Persistent Offender Accountability Act. Rather, the state appeals court reached this conclusion solely by comparing the elements of Casaway's out-of-state convictions to the elements of strike-eligible Washington offenses.  Because this legal determination that the offenses were comparable involved no fact-finding, it did not violate Casaway's Sixth Amendment right to have facts that could result in an increased penalty proven to a jury beyond a reasonable doubt.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Moreover, if the state court erred in concluding that Casaway's out-of-state convictions were legally comparable to Washington strike-eligible offenses, that error was one of state law and thus is not cognizable on federal habeas review. *See Rhoades v. Henry*, 596 F.3d 1170, 1196 (9th Cir. 2010).

We construe Casaway's additional argument that his trial counsel was unconstitutionally ineffective for failing to seek an instruction directing the jury to evaluate his purported accomplice's testimony with caution as a motion to expand the certificate of appealability.  So construed, the motion is denied.  *See* 9th Cir. R.

22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**